IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARREN LEE MARCONETTE,

    Plaintiff,

    v.                               CASE NO. 19-3243-SAC

JIMMY READER,

    Defendant.

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

Plaintiff Darren Lee Marconette is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given an opportunity to file a proper amended complaint.

**I. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. At the time of filing, Plaintiff was detained at the Douglas County Jail in Lawrence, Kansas.

Plaintiff brings this action against Deputy Sheriff/Registration Officer Jimmy Reader. Plaintiff claims that Defendant Reader has been harassing, profiling and stalking Plaintiff for years. Plaintiff alleges that Reader keeps arresting Plaintiff for violating registration, but each time Plaintiff is in jail the court dismisses because Plaintiff was falsely accused.

Plaintiff alleges that Reader was stalking Plaintiff by coming to his house on Tuesday to tell Plaintiff that he needed to report to bond supervision on Wednesday. Plaintiff alleges that he

1

was incarcerated in Missouri and when he was released on parole he returned to Kansas and called Reader to inform him that Plaintiff was back in Kansas. Plaintiff alleges that he left a message on Reader's answering machine, asking what Plaintiff needed to do under Kansas law.

Plaintiff alleges that a friend stayed with him a few days after he returned to Kansas. The friend left, but when she returned to surprise Plaintiff, he had left to visit family. When Plaintiff did not return home, the friend "got upset and made up a story to the Sheriff's Dept. that [Plaintiff] was living at [his] cousin's ex-wife's house in Ottawa [and] had been there for months just not registering." (Doc. 1, at 4.) Plaintiff alleges that the cousin's ex-wife's house, which he had no ties to, was then raided "by Ottawa." *Id*. The occupants of the home told police that Plaintiff was living with his mother in Pomona and that it had only been a few days since he was released from prison in Missouri. Plaintiff alleges that the next day while he was walking to a family member's house, he was "swarmed by the Sheriffs and arrested by Jimmy Reader for not registering." Plaintiff explained that he had left a message on Reader's answering machine. Reader did not believe Plaintiff and proceeded to charge Plaintiff. A day or two later, Reader came by Plaintiff's cell and confirmed that he had checked his messages and Plaintiff had in fact called. Plaintiff had to remain in jail until he could see a judge, and the charges were dropped.

Plaintiff alleges that Reader arrested him "another time" when Plaintiff was living at his cousin's house and moved from living in the garage to living in the house. Plaintiff alleges that he was arrested for not giving a change of address, went to jail, and eventually the charges were dropped.

Plaintiff claims Fourth and Fourteenth Amendment violations, and seeks "$250,000.00 for all my time spent incarcerated for wrongful incarceration. Also, I want Jimmy Reader to be told how to do job properly without violating rights." *Id*. at 9.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

3

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

Plaintiff alleges two instances where he was arrested for registration violations and then released when the charges were dismissed. Plaintiff does not indicate when the incidents

4

occurred or how long he was held. The statute of limitations for § 1983 claims "is drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (citations omitted). In Kansas, the statute of limitations for personal injury claims is two years. Kan. Stat. Ann. § 60-513(a)(4); *see Eikenberry v. Seward Cty., Kan.*, 734 F. App'x 572, 575 (10th Cir. 2018).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id.* at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

"Our Circuit has explained that 'a plaintiff who claims that the government unconstitutionally imprisoned him has at least two potential constitutional claims.'" *McKnight v. City of Topeka, Kan.*, No. 19-2353-DDC-GEB, 2020 WL 1320724, at *4 (D. Kan. March 20, 2020) (citing *Mondragón*, 519 F.3d at 1082). "One claim arises under the Fourth Amendment, and the other claim arises under the Fourteenth Amendment's Due Process Clause." *Id.* (citing *Mondragón*, 519 F.3d at 1082 ("'The initial seizure is governed by the Fourth Amendment, but at some point after arrest, and certainly by the time of trial, [the] constitutional analysis shifts to the Due Process Clause.'" (quoting *Pierce v. Gilchrist*, 359 F.3d 1279, 1285 – 86 (10th Cir. 2004))). The Tenth Circuit describes the difference between the two claims as follows:

> If [plaintiff] has been imprisoned without legal process he has a claim under the Fourth Amendment analogous to a tort claim for false arrest or false imprisonment. If [plaintiff] has been imprisoned pursuant to legal but wrongful process, he has a claim under the procedural component of the Fourteenth Amendment's Due Process Clause analogous to a tort claim for malicious prosecution.

*Id*. (quoting *Mondragón*, 519 F.3d at 1082). The Tenth Circuit has also explained when each type of claim accrues for statute of limitations purposes:

> *First*, "[t]he period of time between an unlawful arrest and the institution of legal process forms one constitutional claim, arising under the Fourth Amendment" which "accrues when the plaintiff is released or legal process is instituted justifying that imprisonment." *Id*. "Legal process" occurs "'when, for example, [plaintiff] is bound over by a magistrate or arraigned on charges.'" *Id*. (quoting *Wallace*, 549 U.S. at 389). *Second*, the "period of time between the institution of that process and its favorable termination—through acquittal, habeas corpus, voluntary dismissal, etc.—forms a second claim, arising under the Due Process Clause" which "accrues, at the earliest, when favorable termination occurs." *Id*.

*Id*. (citing *Mondragón*, 519 F.3d at 1082).

Plaintiff bases his claims on his belief that Defendant Reader is harassing and stalking Plaintiff. However, Reader's state of mind provides no basis for invalidating an arrest in the Fourth Amendment context. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1724–25 (2019) ("In the Fourth Amendment context . . . "we have almost uniformly rejected invitations to probe subjective intent.") (citing *al-Kidd*, 563 U.S. at 737; *see also Kentucky v. King*, 563 U.S. 452, 464 (2011) ("Legal tests based on reasonableness are generally objective, and this Court has long taken the view that evenhanded law enforcement is best achieved by the application of objective standards of conduct, rather than standards that depend upon the subjective state of mind of the officer." (internal quotation marks omitted))). "Police officers conduct approximately 29,000 arrests every day—a dangerous task that requires making quick decisions in 'circumstances that are tense, uncertain, and rapidly evolving.'" *Nieves*, 139 S. Ct. at 1725 (citation omitted). Courts generally review their conduct under objective standards of reasonableness, "[t]o ensure that

6

officers may go about their work without undue apprehension of being sued." *Id*. (citations omitted). When viewing an arrest, the court asks ""whether the circumstances, viewed objectively, justify [the challenged] action," and if so, conclude "that action was reasonable *whatever* the subjective intent motivating the relevant officials." *Id*. (citation omitted). The officer's state of mind is simply "irrelevant," and provides "no basis for invalidating an arrest." *Id*. (citation omitted).

The Fourth Amendment is violated "if police knowingly or with reckless disregard included false statements in affidavits that formed the basis for the issuance of warrants." *Pierce v. Gilchrist*, 359 F.3d 1279, 1289 (10th Cir. 2004). Plaintiff has failed to allege sufficient facts to show that no probable cause supported his arrest and confinement, or that false statements were knowingly or recklessly used to issue an arrest warrant. *See Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).

Plaintiff must explain what the defendant did to Plaintiff; when the defendant did it; how the defendant's action harmed Plaintiff; and, what specific legal right Plaintiff believes the defendant violated. *Nasious*, 492 F.3d at 1163. The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173-74 (10th Cir. 1997) (citation omitted).

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1]

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended

Plaintiff is given time to file a complete and proper second amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** that Plaintiff is granted until **June 1, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **June 1, 2020**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated May 5, 2020, in Topeka, Kansas.**

        **s/ Sam A. Crow**
        **Sam A. Crow**
        **U.S. Senior District Judge**

---

complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (19-3243-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.