IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DARREN LEE MARCONETTE,**

    **Plaintiff,**

    v.                                      **CASE NO.  19-3243-SAC**

**JIMMY READER,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. At the time of filing, Plaintiff was detained at the Douglas County Jail in Lawrence, Kansas. On May 5, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), directing Plaintiff to show good cause why his Complaint should not be dismissed due to the deficiencies set forth in the MOSC. Plaintiff was also given an opportunity to file an amended complaint to cure the deficiencies. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 6). The Court's screening standards are set forth in the Court's MOSC.

Plaintiff claims in his Amended Complaint that Defendant Jimmy Reader, a Sheriff's Deputy/Registration Officer, has been harassing, profiling and stalking Plaintiff for years. Plaintiff claims that Reader keeps arresting Plaintiff for registration violations, but then the charges are dismissed when Plaintiff goes to court. Plaintiff alleges that Reader came to Plaintiff's house on a Tuesday to tell Plaintiff he needed to report on Wednesday. Plaintiff alleges that he moved twice to get away from Reader, and then Reader started harassing Plaintiff's family. Plaintiff alleges that the only reason he moved back was to help his ill mother.

Plaintiff fails to set forth any counts in his Amended Complaint and fails to set forth any request for relief.

The Court noted in the MOSC that while Plaintiff alleged two instances where he was arrested for registration violations and then released when the charges were dismissed, he did not indicate when the incidents occurred or how long he was held.  The statute of limitations for § 1983 claims "is drawn from the personal-injury statute of the state in which the federal district court sits."  *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (citations omitted).  In Kansas, the statute of limitations for personal injury claims is two years. Kan. Stat. Ann. § 60-513(a)(4); *see Eikenberry v. Seward Cty., Kan.*, 734 F. App'x 572, 575 (10th Cir. 2018).

The Court also held in the MOSC that Plaintiff has failed to allege sufficient facts to show that no probable cause supported his arrest and confinement, or that false statements were knowingly or recklessly used to issue an arrest warrant. *See Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).   The Court noted that Plaintiff must explain what the defendant did to Plaintiff; when the defendant did it; how the defendant's action harmed Plaintiff; and, what specific legal right Plaintiff believes the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citation omitted).

Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC. Plaintiff has failed to show good cause why this matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated August 4, 2020, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**
